EXHIBIT A

ELECTRONICALLY FILED - 2021 Feb 01 4:30 PM - ORANGEBURG - COMMON PLEAS - CASE#2021CP3800105

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF ORANGEBURG | CIVIL ACTION NO:   2020-CP-38-_____ |
| John Haynes Jr.; Latoya Fludd; Joshua H., a minor by and through his next friend and legal guardian John Haynes Jr., and Caitlin H., a minor by and through her next friend and legal guardian John Haynes Jr.<br>                      Plaintiffs,<br><br>   vs.<br><br>Aidan Papandria and Teresa Papandria<br>                         Defendants. | **SUMMONS**<br>**(JURY TRIAL REQUESTED)** |

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this Complaint upon the Plaintiffs' attorney at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

                              s/ Jessica S. Corley
                              Jessica S. Corley (SC Bar No.: 080470)
                              Shelly Leeke Law Firm, LLC
                              939 Broad River Road
                              Columbia, SC 29210
                              843-297-8485
                              843-297-8497 (fax)
                              jessica.corley@leekelaw.com

Columbia, South Carolina            Attorney for Plaintiffs

February 1, 2021

ELECTRONICALLY FILED - 2021 Feb 01 4:30 PM - ORANGEBURG - COMMON PLEAS - CASE#2021CP3800105

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF ORANGEBURG<br><br>John Haynes Jr.; Latoya Fludd; Joshua H., a minor by and through his next friend and legal guardian John Haynes Jr.; and Caitlin H., a minor by and through her next friend and legal guardian John Haynes Jr.,<br>　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>Aidan Papandria and Teresa Papandria<br>　　　　　　　　　Defendants. | IN THE COURT OF COMMON PLEAS<br><br>CIVIL ACTION NO:    2020-CP-38-_____<br><br><br>**COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

Plaintiffs will respectfully show the following onto this Court:

## JURISDICTION AND VENUE

1.　　John Haynes Jr. (hereinafter "Plaintiff Haynes"), Latoya Fludd (hereinafter "Plaintiff Fludd") Joshua H. (hereinafter "Plaintiff Joshua"), and Caitlin H. (hereinafter "Plaintiff Caitlin") (hereinafter collectively "Plaintiffs") are citizens and residents of Orangeburg County, South Carolina.

2.　　Joshua H. and Caitlin H. are minors. John Haynes, Jr., their father, will be pursuing their cause of action as their next friend and legal guardian in their best interests pursuant to the *South Carolina Rules of Civil Procedure* Rule 17(c).

3.　　Upon information and belief, Aidan Papandria (hereinafter "Defendant Aidan") and Teresa Papandria (hereinafter "Defendant Teresa") (hereinafter collectively "Defendants") are citizens and residents of DeKalb County, Georgia.

4. Pursuant to S.C. Code Ann. § 15-7-20, venue is proper in Orangeburg County because the subject motor vehicle collision occurred in Orangeburg County.

5. This court may assert personal jurisdiction over Defendant Louis Smith pursuant to S.C. Code Ann. § 38-2-803 (3).

## **FACTS**

6. The motor vehicle collision that is the subject of this action occurred on or around July 2, 2020 in Orangeburg County, South Carolina at approximately 4:55 p.m. on St. Matthews Road.

7. At or around the time and place stated above, Plaintiff Haynes was stopped at a red light while travelling North on St. Matthews Road. Plaintiff Fludd, Plaintiff Joshua, and Plaintiff Caitlin were passengers in the vehicle driven by Plaintiff Haynes.

8. At or around the time and place stated above, Defendant Aidan was driving too fast for conditions while inattentive and stuck Plaintiffs' vehicle in the rear.

9. At or around the time and place stated above, Plaintiff Haynes did not contribute to this collision nor did he have any ability to avoid or prevent the collision. Plaintiff Fludd, Plaintiff Joshua, and Plaintiff Caitlin were passengers at the time and as such had no ability to avoid or prevent the collision.

10. At or around the time and place stated above, Defendant Aidan was driving a vehicle owned by Defendant Teresa.

11. Because of this accident, Plaintiffs suffered traumatic physical injuries to their persons. Because of said physical injuries, they have, continue to, and will continue to suffer the following injuries and damages:

    a. Extensive physical pain, mental pain, suffering, and discomfort;

ELECTRONICALLY FILED - 2021 Feb 01 4:30 PM - ORANGEBURG - COMMON PLEAS - CASE#2021CP3800105

ELECTRONICALLY FILED - 2021 Feb 01 4:30 PM - ORANGEBURG - COMMON PLEAS - CASE#2021CP3800105

      b.     Disability for a period of time;

      c.     Money spent for medical care and treatment;

      d.     Inability to carry on normal activities;

      e.     Emotional harm, trauma and distress;

      f.     Damage to and/or loss of personal property;

      g.     Loss of enjoyment of life; and

      h.     Time and wages lost from work.

## **FIRST CAUSE OF ACTION**

(Negligence – Personal Injury)

12.    Plaintiffs incorporate all allegations in paragraphs 1-11 into this cause of action.

13.    Defendant Aidan owed Plaintiffs a duty of care as a reasonably foreseeable parties which could be injured by his actions while operating a motor vehicle.

14.    Defendant Aidan breached the duty of care owed to Plaintiffs as persons reasonably expected to be injured by his actions of failing to operate the subject motor vehicle in, at the very least, a reasonably prudent manner.

15.    Defendant Aidan's actions at or around the time and place of the accident were careless, negligent, negligent per se, grossly negligence, willful, wanton, reckless, and/or unlawful in one or more of the following particular(s):

      a.  Failing to yield;

      b.  Failing to use due care;

      c.  Failing to keep their vehicles under proper control;

      d.  Failing to keep a proper lookout;

      e.  Driving too fast for conditions;

ELECTRONICALLY FILED - 2021 Feb 01 4:30 PM - ORANGEBURG - COMMON PLEAS - CASE#2021CP3800105

  f. Failing to keep a proper distance from Plaintiffs' vehicle;

  g. Failing to obey the speed limit;

  h. Failing to apply the brakes;

  i. Following too closely;

  j. Operating a motor vehicle with a reckless disregard for the rights and safety of others;

  k. Driving distracted;

  l. Failing to take any evasive action necessary to avoid the collision;

  m. Failing to obey the statutory and common laws of the State of South Carolina;

  n. Failing to abide by all applicable statutes within South Carolina Code of Laws Title 56;

  o. Failing to use the degree of caution that a reasonable driver would have used under the same or similar circumstances then and there prevailing; and

  p. In any other manner as the evidence may show.

16. Plaintiffs' injuries and damages were directly and proximately caused by Defendant Aidan's careless, negligent, negligent per se, grossly negligent, willful, wanton, reckless, criminal and/or unlawful conduct.

17. Plaintiffs are informed and believes they are entitled to judgment against the Defendant Aidan for actual damages, and, to the extent Defendant Aidan's conduct was criminal, reckless, willful, or wanton, punitive damages in an appropriate amount.

### SECOND CAUSE OF ACTION

(Negligent or Reckless Entrustment)

ELECTRONICALLY FILED - 2021 Feb 01 4:30 PM - ORANGEBURG - COMMON PLEAS - CASE#2021CP3800105

18.     Plaintiffs reallege and reincorporate all allegations as previously stated herein above in Paragraphs 1-17.

19.     Upon information and belief, Defendant Aidan had a history of reckless, negligent and willful and wanton operation of a motor vehicle on the day of this collision and Defendant Teresa knew or should have known about Defendant Aidan's reckless and negligent driving history.

20.     In the alternative and upon information and belief, Defendant Teresa made no inquiry into Defendant Aidan's ability, fitness or competency in operating a motor vehicle before entrusting him with the subject motor vehicle.

21.     Defendant Teresa owed Plaintiffs a duty of care as reasonably foreseeable parties which could be injured by her actions when entrusting the subject motor vehicle to Defendant Aidan.

22.     Plaintiffs' injuries and damages were directly and proximately caused by Defendant Teresa's careless, negligent, negligent per se, grossly negligent, willful, wanton, reckless, criminal and/or unlawful conduct.

23.     Plaintiffs are informed and believe that they are entitled to judgment against Defendant Teresa for actual and to the extent Defendant Teresa's conduct was criminal, reckless, willful, or wanton, punitive damages in an appropriate amount.

WHEREFORE, Plaintiffs demand a jury trial and request that judgment be entered against the Defendants on all causes of action and Plaintiffs be awarded the following: actual damages; consequential damages; punitive damages, attorney's fees and costs; and such other and further relief as the Court and Jury deem just and appropriate.

**SIGNATURE ON FOLLOWING PAGE**

ELECTRONICALLY FILED - 2021 Feb 01 4:30 PM - ORANGEBURG - COMMON PLEAS - CASE#2021CP3800105

                                                          Respectfully submitted,

                                                          s/Jessica S. Corley
                                                          Jessica S. Corley (SC Bar No.: 080470)
                                                          Shelly Leeke Law Firm, LLC
                                                          939 Broad River Road
                                                          Columbia, SC 29210
                                                          843-297-8485
                                                          843-297-8497 (fax)
                                                          jessica.corley@leekelaw.com

Columbia, South Carolina                                Attorney for Plaintiffs

February 1, 2021